[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 14, 2011
JOHN LEY
CLERK

No. 10-11998
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-60648-UU

PERRY WHITE,

                                                    Plaintiff-Appellant,

EVELYN JACKSON, et al.,

                                                    Plaintiffs,

versus

UNITED STATES OF AMERICA,
including the United States Office of
Personnel Management, et al., along
with and including
d.b.a. United States Postal Service,
FEDERAL EMPLOYEES GROUP LIFE
INSURANCE COMPANY,
METROPOLITAN (METLIFE) LIFE INSURANCE COMPANY,

                                                    Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Perry White appeals pro se the dismissal of his complaint to recover, as a purported beneficiary, the proceeds of a life insurance policy that had been issued to his brother. White argues that he was entitled to a default judgment against the United States, the Federal Employees Group Life Insurance Company, and Metropolitan Life Insurance Company because they failed to respond timely to White's complaint or to request timely an extension of time to respond. The district court denied White's motion on the ground that the defendants had timely responded to the complaint, and the district court later dismissed White's complaint with prejudice. We affirm.

The district court did not abuse its discretion by refusing to enter a default judgment against Metropolitan Life. Metropolitan Life never was in default. White served Metropolitan Life with the summons and complaint on May 26, 2009, and Metropolitan Life responded by timely filing a motion to strike on June

9, 2009.  See Fed. R. Civ. P. 12(a)(1)(A)(i).  The district court later granted a stay and, after lifting the stay on February 3, 2010, granted Metropolitan Life until February 16, 2010, to respond to the complaint, see Fed. R. Civ. P. 12(a)(4).  The district court later granted a motion to extend the time to respond until February 24, 2010, see Fed. R. Civ. P. 6(b)(1)(A).  Metropolitan Life filed an answer to White's complaint on February 24, 2010.

The district court also did not abuse its discretion by refusing to enter a default judgment against the United States.  White failed to "establish a claim or right to relief" against the United States.  Fed. R. Civ. P. 55(d).  The district court ruled that White could not "maintain his claim against the United States under the limited waiver of sovereign immunity found in [the] [Federal Employees' Group Life Insurance Act]," 5 U.S.C. §§ 8701–16, and White did not challenge that decision.  Although the district court granted White leave to file an amended complaint, White refused to do so.

The dismissal of White's complaint is AFFIRMED.